Joseph Mattos *vs.* Sayles Finishing Plants, Inc.

JANUARY 23, 1962.

Present: Condon, C. J., Roberts, Paolino and Powers, JJ.

Powers, J. This is an employee's petition to review a preliminary agreement approved by the director of labor March 9, 1950. The cause was heard by a single commissioner who denied and dismissed the petition for alleged lack of jurisdiction. It is before us on the petitioner's appeal from a final decree of the full commission affirming the decree of the single commissioner.

It is established by the record that petitioner was an employee of respondent on February 15, 1950 when he sus-

tained a compensable injury arising out of and in the course of his employment, connected therewith and referable thereto. It further appears that a preliminary agreement between the parties approved by the director of labor on March 9, 1950 provided for $28 weekly compensation for total disability from February 21 until otherwise terminated in accordance with the workmen's compensation act.

Thereafter petitioner returned to work at his regular wages on April 24 and a compensation agreement including a settlement receipt was approved by the director of labor on June 12, 1950. It further appears from the settlement receipt that petitioner received compensation for total disability amounting to $263.20 for nine weeks and two days of unemployment.

On February 17, 1961 petitioner filed a petition to review the preliminary agreement. It sets forth that he is unemployed, is presently partially disabled, that he has made a bona fide effort to obtain work, and that respondent has not offered him suitable work which he is able to perform and refuses to provide or pay for necessary medical expenses. The petition further seeks to amend the preliminary agreement as to the nature and scope of his injuries.

At the hearing thereon it was stipulated that petitioner's last compensation payment was dated April 25, 1950 for the week ending April 21 of that year. The copy of the preliminary agreement together with the compensation agreement and settlement receipt were received in evidence and marked as petitioner's exhibit.

The single commissioner, noting that the last compensation payment had been made more than ten years prior to the filing of the petition to review, denied and dismissed the petition for lack of jurisdiction. His decision was based on the assumption that the applicable statute was G. L. 1956, §28-35-45. This provision was enacted by P. L. 1954, chap. 3297, art. III, sec. 12, the pertinent language of which is as follows:

"At any time after the date of the approval of any agreement or at any time after the date of the entry of any decree concerning compensation, and if compensation has ceased thereunder, within ten years thereafter, any agreement, award, order, finding, or decree may be from time to time reviewed by the workmen's compensation commission, upon its own motion or upon a petition of either party upon forms prescribed and furnished by the commission, after due notice to the interested parties, upon the ground that the incapacity of the injured employee has diminished, ended, increased or returned, or that the weekly compensation payments have been based upon an erroneous average weekly wage."

The petitioner assigns as his reasons of appeal that the single commissioner and the full commission misconceived the applicable law, contending that P. L. 1954, chap. 3297, *supra*, has a prospective application only, and that to hold that its provisions were retroactive would be in violation of the Rhode Island constitution, art. I, sec. 12, and of the United States constitution, art. I, sec. 10, and art. XIV of amendments, sec. 1.

Both parties have briefed and argued constitutional questions, but in the view we take of petitioner's other contention they require no discussion.

The petitioner contends that since his injury and the preliminary agreement were prior in time to the enactment of the ten-year limitation contained in the 1954 amendment, his petition to review was controlled by the statutory provision prevailing at the time the preliminary agreement was approved by the director of labor. This provision was P. L. 1949, chap. 2274, art. III, sec. 13, which reads as follows:

"At any time after the date of the approval of any agreement or at any time after the date of the entry of any decree concerning compensation, and before the expiration of the period for which compensation is payable under the maximum limits provided in this chapter, namely, 1000 weeks in total disability cases, 800 weeks in partial disability cases and 600 weeks in de-

pendency cases, any agreement, award, order, finding or decree may be from time to time reviewed by the director of labor upon his own motion or upon application of either party, after due notice to the interested parties, upon the ground that the incapacity of the injured employee has diminished, ended, increased or returned, or that the weekly compensation payments have been based upon an erroneous average weekly wage."

He argues that the foregoing provision was an integral element of the preliminary agreement as well as the compensation agreement and settlement receipt at the time they were approved by the director of labor. Moreover, he contends that the period of 1,000 weeks could not be shortened by a subsequent legislative amendment.

The respondent, however, contends that statutory periods of limitation are essentially remedial, merely procedural, and as such are subject to retrospective legislation. It concedes that the precise question has never been decided by this court, but argues that we have repeatedly indicated implied support for its contention. In this regard respondent has referred our attention to a series of decisions by this court which inferentially, respondent contends, is authority for its position. We have carefully examined these cases and are of the opinion that they are of no assistance to it in the factual circumstances of the instant cause.

Assuming without deciding that the applicable provisions of the 1954 amendment are procedural rather than substantive, the controlling question before us is whether, by the language it employed, the legislature intended such provision to operate retrospectively and thus deny to one occupying the status of the instant petitioner the pre-existing remedy available by a petition to review. In none of the cases cited to us by respondent did this court remotely imply a legislative intent to impair an existing remedy. Rather the cases relied upon by respondent implied, if anything,

an intent to extend remedial features of the workmen's compensation act.

We are of the opinion that in the absence of an expressed intention to do so this court should not construe legislative language as retrospective in operation when such construction results in an impairment of a remedy otherwise available by a petition to review. The phraseology adopted by the legislature in the 1954 revision cannot reasonably be said to constitute a clear and implicit mandate for judicial construction derogatory to the remedial rights of a previously injured employee.

The petitioner has cited cases from several jurisdictions in support of the proposition that in the absence of clear and explicit language courts should not construe procedural amendments so as to impair a pre-existing remedy. A reading of those cases finds support in still other jurisdictions. Indeed respondent frankly admits that there is a divergence of views and in this regard refers our attention to 165 A.L.R. at pages 506 to 535.

We are of the opinion therefore that since the petitioner and the respondent had signed a compensation agreement and settlement receipt which when approved by the director of labor provided the petitioner with a remedy by a petition to review, a remedy which in 1954 could have been pursued for approximately fourteen additional years, it is not unreasonable to construe the 1954 revision as conferring on the petitioner the continuation of his remedy for the ten years provided in the revision. See *Ireland* v. *Shipley*, 165 Md. 90.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Dominic F. Cresto*, for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.*, for respondent.